Filed 1/24/22  Solis v. MVP Cars CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| JERMAN SOLIS et al., |  |
| Plaintiffs and Appellants, | E075101 |
| v. | (Super. Ct. No. RIC1901684) |
| MVP CARS INC. et al., | OPINION |
| Defendants and Respondents. |  |

APPEAL from the Superior Court of Riverside County.  Randall S. Stamen, Judge.  Reversed.

Law Offices of Kevin Faulk and Kevin Faulk; Elisa M. Swanson, for Plaintiffs and Appellants.

Law Offices of Michael Geller and Michael S. Geller, for Defendants and Respondents.

# I.

## INTRODUCTION

Plaintiffs and appellants Jerman Solis and Patricia Newton bought a vehicle from defendant and respondent MVP Cars, Inc. As part of the sale, MVP charged plaintiffs for a smog test and a registration fee, but did not perform the test and did not register the vehicle. After plaintiffs sued MVP, MVP "smogged" the vehicle and registered it, which resolved plaintiffs' complaints. Plaintiffs dismissed the case and sought about $21,000 in attorney's fees and $1,045 in costs, but the trial court awarded them only $1,925 in attorney's fees and no costs. Plaintiffs appeal, and we reverse and remand.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

After plaintiffs bought a car from MVP in November 2018, they learned it had not passed a smog test and MVP had not obtained a "smog certificate," as the law requires. (See Veh. Code, § 24007, subd. (b)(2).) They also discovered MVP had not registered the vehicle with the Department of Motor Vehicles (DMV), as MVP represented it would do. Plaintiffs thus could not legally drive the vehicle.

In January 2019, Solis retained attorney Kevin Faulk to represent him for a potential lawsuit against MVP. On February 19, 2019, Faulk sent MVP a demand letter under the Consumer Legal Remedies Act (CLRA; Civ. Code, §§ 1750 et seq.) in which he demanded, among other things, that MVP obtain a valid smog inspection certificate for the vehicle and register it with the DMV. Faulk sent the demand letter through

United States Postal Service (USPS) certified mail. On Solis's behalf, Faulk sued MVP and RLI Insurance Company (collectively, MVP) on February 25, 2019, for violating the CLRA, among other things.

When USPS delivered Faulk's letter on February 26, 2019, there was no "authorized recipient" at MVP. USPS therefore returned the letter to Faulk on March 14, 2019, as "unclaimed."

MVP answered Solis's complaint in April 2019, and the parties litigated the matter in the ensuing months. Counsel met and conferred, the parties served discovery on one another, and MVP filed a motion requesting that Solis's wife, Newton, be joined as a plaintiff. Newton retained attorney Elisa Swanson to represent her. Solis then filed a first amended complaint, which added Newton as a plaintiff.

In November 2019, MVP inspected the vehicle, smogged it, and registered it with the DMV. Because this resolved plaintiffs' issues with the vehicle, they asked the trial court to dismiss their case in January 2020. Along with their request to dismiss, plaintiffs moved for attorney's fees and costs under the CLRA. They sought $1,045 in costs and $17,800 in attorney's fees, increased by a multiplier of 1.2, for a total of $21,360 in fees.

MVP opposed the motion. The thrust of MVP's opposition was that plaintiffs' lawsuit was unnecessary and so their request for attorney's fees and costs was unjustified. MVP argued in its opposition that plaintiffs' issues with their vehicle "could have been resolved with a phone call." MVP also stated in its opposition that it not receive Faulk's demand letter and was unaware of plaintiffs' complaints until they sued.

3

MVP did not, however, support its arguments with any supporting documentation. The only evidence it submitted along with its opposition was its counsel's declaration, which does not say anything about Faulk's letter, the parties' settlement efforts, or MVP's position that the dispute could have been resolved without litigation.

The trial court found that plaintiffs were the prevailing parties and thus were entitled to an award of attorney's fees and costs under the CLRA. But the court awarded plaintiffs only $1,925 in attorney's fees and no costs. The court's reasoning was as follows: "Defendant claims to have never received the CLRA 30-day notice letter (Defendant's Opp. to Motion, pages 4-5.) Defendant claims if it had notice of the issue, 'they would have immediately called Plaintiff' and addressed this 'trivial' issue. (*Id*. at p. 5.) It would have been reasonable for Plaintiffs to send a follow up letter to the dealership and to make a phone call to discuss the issue prior to filing the Complaint or moving forward with litigation. Plaintiffs do not provide billing statements prior to [June 04, 2019] [citation] and do not discuss the steps they took after sending the initial demand letter. Furthermore, Plaintiffs did not wait 30 days from sending the letter before filing the Complaint. This shows an unwillingness to resolve the issue informally, before filing suit and incurring fees. All fees incurred after sending the demand letter (i.e. for discovery, amending complaint to add Plaintiff Newton, calls with clients and opposing counsel) were unnecessary. Plaintiffs did not reasonably attempt to resolve the smog test and registration issue at the outset. [¶] The Court awards the attorney's fees incurred in drafting and sending the demand letter, $1,925 (5 hours at $385)."

4

Plaintiffs timely appealed.

## III.

## DISCUSSION

Plaintiffs contend the trial court abused its discretion in granting them a fraction of the attorney's fees and costs they sought. We agree.

As the prevailing parties, plaintiffs were entitled to an award of reasonable attorney's fees and costs under the CLRA. (See *Benson v. Southern California Auto Sales, Inc.* (2015) 239 Cal.App.4th 1198, 1205.) We review the trial court's fee award for an abuse of discretion. (*Id*. at p. 1207.) "We reverse only when no substantial evidence supports the court's findings." (*Ibid*.)

We first decline to address MVP's arguments that the trial court's order should be reversed because plaintiffs were not the prevailing parties and thus the matter should be remanded with instructions to enter a judgment awarding MVP its fees and costs. MVP cannot raise those arguments because it did not cross-appeal. (See *Kardly v. State Farm Mut. Auto. Ins. Co.* (1995) 31 Cal.App.4th 1746, 1748 fn. 1 ["A respondent who fails to file a cross-appeal cannot urge error on appeal."].)

We also reject plaintiffs' primary argument that the trial court failed to apply the lodestar method to determine their fee award. We agree the lodestar method applies to CLRA fee awards and "requires the trial court to first determine a touchstone or lodestar figure based on a careful compilation of the actual time spent and reasonable hourly compensation for each attorney." (*Robertson v. Fleetwood Travel Trailers of California,*

5

*Inc.* (2006) 144 Cal.App.4th 785, 818-819.) The trial court here found that plaintiffs' counsel reasonably spent five hours on the case and deserved an hourly rate of $385 for a total of $1,925 in attorney's fees. This shows that the trial court applied the lodestar method in calculating its fee award.

But the trial court's calculation was erroneous and lacked evidentiary support. The only evidence MVP offered to support their opposition to plaintiffs' fee motion was its counsel's declaration. That declaration, however, mentioned nothing about the case beyond stating that counsel spent under 26 hours on it. It did not, for instance, state that MVP never received Faulk's letter or explain why the parties could have informally resolved their dispute without litigation. Nor did the declaration state that plaintiffs' lawsuit was unnecessary because MVP would have resolved their complaints without litigation, as MVP argued in its opposition in the trial court.

The trial court's fee award thus improperly rests entirely on MVP's counsel's arguments made without *any* supporting evidence. (See *Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 139 ["Statements and arguments by counsel are not evidence"]; *Villacorta v. Cemex Cement, Inc.* (2013) 221 Cal.App.4th 1425, 1433 [appellate court will "not consider counsel's argument in determining whether there is substantial evidence to support the verdict" because "[a]rgument by counsel is not evidence"].) First, the trial court found—based only on MVP's counsel's argument—that MVP did not receive Faulk's demand letter and would have "'immediately called'" Faulk to address Solis's "trivial" concerns had it received the letter. MVP provided no evidence

6

to support the argument, and instead relied only on its counsel's arguments, which is not evidence. (*Gdowski v. Gdowski*, *supra*, 175 Cal.App.4th at p. 139.)

On the other hand, plaintiffs submitted a declaration from Faulk in which he stated that he mailed the demand letter to MVP "to try to resolve the situation," but it was returned to him as "unclaimed." Faulk also stated in his declaration that, after filing the case, MVP did not try to resolve Solis's issues, and instead demanded that Newton be joined as a plaintiff. Swanson similarly stated in her declaration that MVP did not try to settle the case throughout the litigation. The record thus does not support the trial court's finding that follow-up correspondence from Faulk to MVP would have resolved the parties' dispute without litigation.

Next, the trial court found that all of plaintiffs' counsel's fees incurred after Faulk's demand letter were "unnecessary" to resolve plaintiffs' issues with the vehicle. Again, defendants submitted no evidence that would support this finding. MVP does not point to any *evidence* in the record that supports it. Instead, MVP relies only on its counsel's unsupported arguments, which are not evidence. (*Gdowski v. Gdowski*, *supra*, 175 Cal.App.4th at p. 139.) By contrast, plaintiffs provided declarations from their attorneys testifying under oath that MVP did not try to settle the case, and "escalated it" by filing a motion to join Newton as a co-plaintiff. The trial court's finding that Solis could have informally resolved his complaint without litigation thus lacks evidentiary support, particularly given that MVP "smogged" and registered the vehicle only after the parties litigated the matter for six months. As a result, the trial court's order awarding

7

plaintiffs only their pre-litigation attorney's fees and no costs is not supported by substantial evidence.

The trial court also made an error in calculating its fee award. The court awarded plaintiffs "attorney's fees incurred in drafting and sending the demand letter," finding that plaintiffs' counsel reasonably spent five hours on it. But Faulk spent only .8 hours on the letter, and Swanson was retained after Faulk mailed it. Nothing in the record supports the trial court's finding that plaintiffs' counsel was entitled to five hours of attorney time for Faulk's letter. Substantial evidence thus does not support the trial court's finding that plaintiffs' counsel reasonably spent five hours on the demand letter.

Because the trial court's fee award is not supported by substantial evidence and its award of $1,095 is based on an erroneous calculation, we reverse and remand the matter to the trial court. We need not decide whether the trial court properly awarded plaintiffs' counsel attorney's fees at a rate of $385 per hour or whether they were entitled to a fee multiplier. The trial court may revisit both issues on remand. (See *Kerkeles v. City of San Jose* (2015) 243 Cal.App.4th 88, 105 [reversing fee award for erroneous ruling on hours expended and noting that trial court may reconsider hourly rate on remand]; *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141 [declining to address fee multiplier request because trial court's errors in calculating fee award "require[d] remand . . . for recalculation of attorney's fees"].)[1]

---

[1] Plaintiffs request that we award them attorney's fees associated with this appeal. They must make that request in the trial court. (See Cal. Rules of Court, rule 3.1702(c);

*[footnote continued on next page]*

IV.

DISPOSITION

The trial court's order on plaintiffs' motion for attorney's fees and costs is reversed.  The matter is remanded to the trial court for further proceedings consistent with this opinion.  Plaintiffs may recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>
J.

We concur:

<u>McKINSTER</u>
Acting P. J.

<u>FIELDS</u>
J.

---

see *also In re Marriage of James & Christine C.* (2008) 158 Cal.App.4th 1261, 1277-1278.)  We express no opinion on the issue.